977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammed Ali ALSUBAEY, Defendant-Appellant.
 No. 91-6311.
 United States Court of Appeals, Tenth Circuit.
 Oct. 15, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Mohammed Ali Alsubaey, representing himself, appeals from the term of imprisonment entered on August 2, 1990, by the district court pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "guidelines") after he pled guilty to conspiracy to transport stolen merchandise, specifically blue jeans, in interstate commerce in violation of 18 U.S.C. §§ 371, 2314 and 2.
 
 
 3
 Defendant has already appealed his sentence to this court. See United States v. Alsubaey, 930 F.2d 35 (10th Cir.1991) (table). Finding no error on some issues raised by Defendant and declining review on others because Defendant failed to raise them first in the district court, this court affirmed the sentence. Apparently misinterpreting our order, Defendant then filed in the district court a "motion to correct illegal sentence" raising new arguments for review. After the "motion to correct" was denied, Defendant filed a "motion to vacate judgment," which was also denied. Defendant then filed this appeal, alleging errors in the district court's findings of fact that support the sentence.
 
 
 4
 Defendant's motions in the district court and this appeal have the flavor of a collateral attack on the sentence. As explained below, Defendant's allegations of error do not entitle him to collateral relief, and Defendant has made numerous procedural errors along the way that could foreclose review by this court. The government concedes, however, that an error was made in the determination of Defendant's total offense level that caused him to be sentenced "in excess of the maximum authorized by law," 28 U.S.C. § 2255. Therefore, because Defendant appears pro se and because the government concedes the guidelines were incorrectly applied in this case, we will construe the present appeal as from a denial of a motion to vacate an illegal sentence under 28 U.S.C. § 2255. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se pleadings are to be liberally construed); Hill v. United States, 368 U.S. 424, 426-28 (1962) (§ 2255 exists to remedy fundamental defect). For the reason that follows, we remand for the district court to vacate the sentence and resentence.
 
 
 5
 "We review the district court's interpretation and application of the sentencing guidelines de novo." United States v. Brownlee, --- F.2d ----, No. 92-3072, slip op. at 2-3 (10th Cir. July 27, 1992) (citing United States v. Maltais, 961 F.2d 1485, 1486 (10th Cir.1992)). The guideline for an 18 U.S.C. § 371 offense is found in U.S.S.G. § 2X1.1. That section refers to the guideline for the object offense, which in this case is 18 U.S.C. § 2314, found in U.S.S.G. § 2B1.2. Section 2B1.2, in turn, refers to a table in U.S.S.G. § 2B1.1, which provides for adjustments to the base offense level according to the value of the merchandise involved in the offense.
 
 
 6
 Although the presentence report recommended holding Defendant responsible for a completed conspiracy involving 10,000 pairs of jeans worth $20 per pair, or $200,000, the district court, after hearing evidence, rejected that recommendation and sentenced Defendant for a completed conspiracy to transport 5000 pairs of jeans worth $20 per pair, or $100,000. U.S.S.G. § 2B1.1(b) Specific Offense Characteristics provides in pertinent part: "(1) If the loss exceeded $100, increase the offense level as follows: * * * (I) More than $70,000--add 8 (J) More than $120,000--add 9."
 
 
 7
 The district court failed to correctly apply this guideline after it made its factual finding. It added nine points instead of eight, which with the other adjustments made a total offense level of nineteen instead of eighteen. The district court therefore incorrectly found the guideline range (under criminal history category I) to be thirty to thirty-seven months, R.Vol. III at 53, instead of twenty-seven to thirty-three months, see U.S.S.G. § 2B1.1. Since Defendant was sentenced to a term of imprisonment of thirty-four months, outside the correct guideline range, the sentence must be vacated and the Defendant resentenced.
 
 
 8
 Defendant contends the district court also erred by finding as facts that the object of the conspiracy was 5000 pairs of jeans and that Defendant had a leadership role in the offense. Defendant had the opportunity to raise these arguments on direct appeal but did not raise them. These allegations of error therefore cannot be raised by collateral attack unless good cause is shown. United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Defendant "has failed to establish, or even allege, good cause for his failure" to raise these arguments on his previous appeal, id. at 754, and therefore this court will not review them.
 
 
 9
 We AFFIRM the district court's dismissal of Defendant's motions for relief, but nevertheless REMAND for resentencing consistent with this opinion.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3