UNITED STATES of America,
Plaintiff–Appellee,

v.

Gordon Allen MALTAIS, Defendant–
Appellant.

No. 91–8060.

United States Court of Appeals,
Tenth Circuit.

April 15, 1992.

Richard Stacy, U.S. Atty., and Lisa E. Leschuck, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Daniel G. Blythe of Rogers, Blythe & Lewis, Cheyenne, Wyo., for defendant-appellant.

Before MOORE, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Maltais violated his probation. The sentencing court sentenced him to a longer sentence than it could have originally imposed under the Sentencing Guidelines which were in effect at the time it placed him on probation. Mr. Maltais appeals the sentence. We reverse.

*Facts*

In 1988, Mr. Maltais, a convicted felon, fired approximately 100 rounds at rest rooms and garbage cans on Forest Service property. Mr. Maltais subsequently entered a guilty plea to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Mr. Maltais appeared for sentencing in May 1990. His presentence report showed the statutory maximum imprisonment under 18 U.S.C. § 924(a)(1)(B) was five years. The Sentencing Guidelines calculations, after appropriate adjustments, yielded an of-

fense level of three and a criminal history category of III resulting in a Guideline imprisonment range of zero to five months. The sentencing court announced it was delaying the imposition of sentence and placed Mr. Maltais on probation for three years. Conditions of that probation included that Mr. Maltais not commit any crimes, that he refrain from excessive use of alcohol, and that he not use any controlled substances.

In May 1991, the sentencing court received information indicating Mr. Maltais was violating his probation and sent Mr. Maltais a letter warning him that his conduct was jeopardizing the continuation of his probation status. This letter apparently had no effect, for in August of 1991 a urinalysis proved positive for Mr. Maltais' use of alcohol and illegal use of cocaine and marijuana. A petition for revocation of probation was filed charging Mr. Maltais with a conviction of DWUI, a conviction of driving while his driver's license was suspended, and the illegal use of cocaine and marijuana on two occasions. Mr. Maltais admitted his DWUI conviction as well as his illegal use of cocaine and marijuana at the probation revocation hearing.

Between the time Mr. Maltais was originally placed upon probation and the institution of the probation revocation proceeding, the Sentencing Guidelines were amended to create a new chapter dealing with violations of court ordered probation.[2] The new chapter specifically created a different, greater guideline range which takes into consideration defendant's conduct while on probation. Under the new Chapter 7 the sentencing calculus yielded a Guideline range, after appropriate adjustments, of 5 to 11 months. *See* Sentencing Guidelines § 7B1.4(a).

Not surprisingly, the controversy at the sentencing hearing centered about which Guideline range the sentencing judge should apply: the one in effect when Mr.

Maltais was placed on probation or the one then in effect. The sentencing judge applied the Guideline range currently contained in Chapter 7 and on August 27, 1991, sentenced Mr. Maltais to a term of imprisonment of seven months, two more than the guideline maximum as it existed on the day Mr. Maltais was sentenced to probation.

We review de novo the district court's legal interpretation and application of the Sentencing Guidelines. *United States v. Norman*, 951 F.2d 1182 (10th Cir.1991); *United States v. Agbai*, 930 F.2d 1447 (10th Cir.1991).

Mr. Maltais argues that revocation of probation is governed by 18 U.S.C. § 3565 ("If the defendant violates a condition of probation ... the court may ... after considering the factors set forth in section 3553(a)....") and 18 U.S.C. § 3553(a)(4) ("The court shall consider ... the sentencing range established [by the Sentencing Commission] ... that [is] in effect on the date the defendant is sentenced"). He argues the plain language of these sections requires use of the sentences available as of the date of the original sentencing when Mr. Maltais was placed on probation.

The government argues Mr. Maltais was not sentenced in 1989 asserting the sentencing court could have departed either up or down. The government contends the sentencing occurred at the revocation hearing when Mr. Maltais was actually sentenced to seven months.

The Sentencing Reform Act and the Sentencing Guidelines both clearly contemplate that a sentencing court must determine the particular sentence to be imposed with reference to the law and Guidelines that are in effect at the time of sentencing.[3] We are persuaded that the plain language of § 3565 in conjunction with § 3553 require a sentencing court to impose only sentences which are available at the time of initial

---

**2.** This newly created chapter is Chapter 7 of the Sentencing Guidelines which became effective November 1, 1990.

**3.** 18 U.S.C. § 3553(a)(4) and (5): "The court, in determining the particular sentence to be im-

posed, shall consider ... (4) ... the guidelines ... that are in effect on the date the defendant is sentenced; (5) any pertinent policy statement ... in effect on the date the defendant is sentenced."

sentencing which, in the case before us, was the date of imposition of probation.

The question we must resolve is when sentencing occurs. Is it when the Defendant is placed upon probation or at the time probation is revoked and the sentencing court both defines and imposes sentence?

The answer is found in 18 U.S.C. § 3551(b). This statute commands that when an individual is found guilty of an offense, the sentencing court *shall sentence* the individual by imposing a term of probation, a fine, or a term of imprisonment. Congress has dictated, by the use of clear and unequivocal language, that the imposition of a term of probation is the imposition of a sentence. Stated somewhat differently, when a sentencing court imposes probation, it has imposed a sentence. The fact the sentencing court stated it was delaying the imposition of a sentence is irrelevant in the context of this discussion. The sentencing court's comments can only be read as the delay of a sentence of confinement.

Taking the law which recognizes probation as a sentence itself and the clear and unambiguous statements of the Sentencing Commission, a sentencing court must impose a sentence as calculated at the time of the initial sentencing to fix the applicable sentencing range. Obviously, a sentencing court could still depart up or down from the Guideline range if the proper circumstances exist. Thus, as the policy statements concerning probation revocation were not in effect at the time Mr. Maltais was originally sentenced to a term of probation, they are inapplicable. All the other circuits which have considered this question have also found the statutory language unambiguous and reached similar results. *See United States v. Alli*, 929 F.2d 995 (4th Cir.1991); *United States v. White*, 925 F.2d 284 (9th Cir.1991); *United States v. Von Washington*, 915 F.2d 390 (8th Cir.1990); *United States v. Smith*, 907 F.2d 133 (11th Cir.1990).

The government attempts to distinguish these cases by asserting they involved conduct that occurred prior to the effective date of the Probation Revocation Chapter.

Thus, the government asserts these courts did not have the benefit of the policy statements in rendering their decisions. However, the *Von Washington* court discussed the upcoming policy statements regarding probation revocation and stated that it found "no indication that Congress, and the Commission, did not intend for the original guideline to apply following probation revocation." 915 F.2d at 392. Furthermore, the *Alli* court specifically concluded that the policy statements concerning probation revocation demand the result reached by this court. 929 F.2d at 997–98.

The government also argues that consideration of the original sentencing range ignores post-conviction conduct and allows a defendant to "wreak whatever havoc he wants upon society without any consequences." The government is mistaken. The *Smith* court effectively countered this argument by delineating three ways in which a sentencing court can consider post-sentencing conduct (1) "when deciding whether to revoke probation"; (2) by determining what sentence to impose within the original guidelines; and (3) by deciding whether to depart when imposing the new sentence (as long as facts existed at the initial sentencing to justify departure). *Smith*, 907 F.2d at 136.

Thus, we remain convinced that the plain language of 18 U.S.C. § 3565 and the policy statements regarding probation revocation in Chapter 7 of the sentencing guidelines mandate a sentencing court impose a sentence that was available at the time of the initial sentencing which is the time defendant was originally sentenced to probation.

We therefore REVERSE the judgment of the District Court and REMAND to the District Court with instructions to vacate the sentence and to resentence Mr. Maltais.