**UNITED STATES COURT OF APPEALS**
**Filed 1/21/97**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK DEAN VOGT,

    Defendant-Appellant.

No. 96-1192
(D.C. No. 93-CR-181-Z)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

---

Defendant-Appellant Patrick Dean Vogt was convicted pursuant to 18 U.S.C. § 371 and 8 U.S.C. § 1325(b) of conspiracy to assist in a co-defendant's marriage for the purpose of evading the immigration laws on August 19, 1993.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Vogt was sentenced to three years probation, with the special condition of 90 days home detention, a $250 fine, and 100 hours community service

In November 1995, the district court held a probation violation hearing because of Vogt's repeated positive drug test results, which indicated ongoing marijuana use, and because of his failure to attend urinalysis testing and drug abuse counseling in October 1995. After the hearing, the district court revoked Vogt's probation and sentenced him to four months in prison, followed by two years supervised release. Vogt did not object to the new sentence at that time.

On March 26, 1996, Vogt filed a "Motion for Modification and/or Clarification of Sentence" pursuant to 28 U.S.C. § 2255. Vogt challenged the imposition of both supervised release and imprisonment, claiming that such penalty was barred by the sentencing laws and our decision in United States v. Rockwell, 984 F.2d 1112, cert. denied, 508 U.S. 966 (1993). In Rockwell, we held that under 28 U.S.C. § 3583, a district court revoking supervised release may impose as a sanction either imprisonment or extended supervised release, but not both. Id. at 1117. Vogt also claimed that the length of the new sentence, combined with the time he had already spent on probation, impermissibly

exceeded the maximum sentence available when he was initially sentenced.[1]  The district court denied Vogt's motion, and Vogt now appeals.

This case is distinguishable from Rockwell because Vogt had not previously been sentenced to supervised release, but was instead sentenced to probation, a punishment governed by a different provision of the sentencing laws which explicitly allows the district court to "resentence" the defendant "to a sentence that includes a term of imprisonment" upon the revocation of probation based on a controlled substance violation.  18 U.S.C. § 3565(a)(2), (b).  Moreover, under the sentencing guidelines, time spent on probation is not credited toward the length of punishment when probation is revoked and a new sentence is imposed.  U.S.S.G. (Policy Statement) § 7B1.5.  Instead, when revoking probation under 18 U.S.C. § 3565(a)(2), the district court may resentence the defendant to any sentence available under subchapter A of the sentencing laws, which consists of the general statutory provisions requiring the district courts to consider the sentencing guidelines in formulating sentences.  18 U.S.C. § 3551-59.  Accordingly, we now affirm the district court's order imposing imprisonment and supervised release for Vogt's violation of the terms of his probation.

---

[1]     The maximum statutory sentence available when Vogt was initially sentenced was five years imprisonment and/or a $250,000 fine, 8 U.S.C. § 1325(b); 18 U.S.C. § 371.  The applicable guideline range was 0-6 months imprisonment, 0-3 years supervised release, and/or a $0-5,000 fine, or three years probation.  U.S.S.G. Ch. 5.

Discussion

The statute governing revocation of probation provides that when a defendant violates a condition of his probation, the district court may "revoke the sentence of probation and resentence the defendant under subchapter A [the general provisions of the sentencing laws, 18 U.S.C. § 3551-59]." 18 U.S.C. § 3565(a)(2). Where, as here, the violation occurs because the defendant is found to have possessed a controlled substance during his probation period, "the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment." Id. § 3565(b) (emphasis added).[2] Thus, when Vogt violated his conditions of probation through

---

[2]    The current language of 18 U.S.C. § 3565, which was enacted in 1994, differs from that in effect when Vogt was initially sentenced. The pre-1994 version provided that, upon a violation of the terms of probation, the district court could "revoke the sentence of probation and impose any other sentence that was available at the time of initial sentencing." 18 U.S.C. § 3565(a)(2) (1988) (emphasis added). Where the violation involved possession of a controlled substance, the pre-1994 statute provided "the court shall revoke the sentence of probation and sentence the defendant to not less than one third of the original sentence." Id. (emphasis added). We held that language required the district court to resentence the defendant to a sentence including a prison term not less than one third that available when he was initially sentenced to probation. United States v. Diaz, 989 F.2d 391, 393 (10th Cir. 1993).

The current version of § 3565, which was in effect when Vogt was resentenced, applies to this case for several reasons. First, the current version instructs the district court to resentence the defendant pursuant to subchapter A of the sentencing statutes, and the relevant provision of subchapter A, 18 U.S.C. § 3553, was effective as of September 13, 1994. Pub. L. 103-322 § 80001(c), 108 Stat. 1985 (1994). Second, the 1994 amendments to § 3565 were apparently

(continued...)

- 4 -

his marijuana use, the district court was obligated to resentence him to a sentence that included a prison term, and was permitted to impose any additional sentence allowable under subchapter A.

The relevant provision in subchapter A is 18 U.S.C. § 3553(a), which provides:

> The court, in determining the particular sentence to be imposed, shall consider--
>
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to 994(a)(1) of

---

(...continued)
aimed at clarifying what one member of the Supreme Court that year described as a "wretchedly drafted statute . . . ," United States v. Granderson, 114 S. Ct. 1259, 1270 (1994) (Scalia, J., concurring), rather than creating substantially different requirements. Third, when probation is revoked the defendant is "resentence[d]." 18 U.S.C. § 3565(a). In other contexts we have held that where resentencing occurs the district court should apply the sentencing laws in effect on the date of resentencing. See United States v. Ziegler, 39 F.3d 1058, 1063-64 n. 2 (10th Cir. 1994) (holding that where sentence is vacated on appeal, district court should on remand apply sentencing guidelines in effect on the date of resentencing). Fourth, the district court is to apply the sentencing laws in effect on the date of sentencing unless application of those laws would violate the Ex Post Fact Clause of the Constitution. United States v. Gerber, 24 F.3d 93, 96 (10th Cir. 1994) (holding that Ex Post Facto clause is violated where guideline (1) is applied to events occurring before its enactment, and (2) disadvantages the defendant). There are no ex post facto problems here because the current version of § 3565, which requires only a sentence that "includes" imprisonment, is less severe than the previous version, which required a prison term of "at least one third of the original sentence."

title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
    (B) in the case of violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code.

We believe that 18 U.S.C. § 3553(a)(4) requires the district court, in cases involving revocation of probation or supervised release, to consider the guidelines issued pursuant to 28 U.S.C. § 994(a)(3) in resentencing the defendant. That provision authorizes the Sentencing Commission to issue guidelines or policy statements "regarding the appropriate use of the provisions for revocation of probation set forth in section 3565 of title 18, and the provisions for modification of supervised release and revocation of supervised release set forth in section 3583(e) of title 18." 28 U.S.C. § 994(a)(3). The Sentencing Commission has issued policy statements concerning violations of probation and supervised release, and those statements are contained in Chapter 7 of the Guidelines Manual. U.S.S.G. Ch. 7. Accordingly, in resentencing a defendant after a violation of the terms of probation or supervised release, the district court must first consider the policy statements contained in Chapter 7.

We recognize that the Eighth and Ninth Circuits have concluded that 18 U.S.C. § 3553(a)(4) affords the district court discretion to consider either the revocation and modification sentencing ranges contained in Chapter 7 or the initial sentencing ranges contained in Chapter 5. United States v. Iverson, 90

- 6 -

F.3d 1340, 1345 (8th Cir. 1996); United States v. Plunkett, 94 F.3d 517 (9th Cir. 1996).  In reaching that conclusion, the Ninth Circuit relied on the use of the disjunctive term "or" between 18 U.S.C. § 3553(a)(4)(A) and 18 U.S.C. § 3553(a)(4)(B).  Plunkett, 94 F.3d at 519.  We find that reasoning unpersuasive. Congress's use of the term "or" does not mean that the district court may rely on either provision of § 3553(a)(4) in resentencing a defendant after a probation or supervised release violation; instead, in context it simply means that the district court should use § 3553(a)(4)(B) in the subset of sentencing cases involving violation of probation or supervised release.  Our interpretation follows from the well-established canon of construction that specific provisions of statutes control the general ones in cases where the specific provision is applicable.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); In re Gledhill, 76 F.3d 1070, 1078 (10th Cir. 1996).  It is doubtful that Congress could have more clearly stated that, in formulating sentences, district courts are generally to consider the guidelines promulgated pursuant to 28 U.S.C. § 994(a)(2), while in cases concerning revocation of probation or supervised release they are to consider the applicable guidelines or policy statements issued pursuant to § 994(a)(3).[3]

---

[3]      We have previously held that the policy statements contained in Chapter 7 are "'advisory rather than mandatory in nature.'"  United States v.

(continued...)

Vogt's sentence was within the range of sentences available under Chapter 7 upon revocation of his probation. The policy statements in Chapter 7 suggest a term of 4-10 months imprisonment for a Grade C probation violation by a person with a Category II Criminal History such as Vogt, U.S.S.G. (Policy Statement) § 7B1.4,[4] and note that imprisonment coupled with supervised release is a proper sentence upon revocation of probation. Id. (Policy Statement) § 7B1.3(g)(1). The four months imprisonment and two years supervised release imposed by the district court is well within the allowable range.[5]

Vogt contends that imposition of both imprisonment and supervised release upon revocation of his probation was impermissible under our decision in

_____

(...continued)
Hurst, 78 F.3d 482, 483 (10th Cir. 1996) (quoting United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992)). However, in reaching that conclusion we also held that consideration of the Chapter 7 policy statements during resentencing upon revocation of probation or supervised release is "mandatory." Hurst, 78 F.3d at 483. Thus, Hurst and Lee are fully consistent with our conclusion here that Chapter 7 provided the sentencing range applicable to Vogt upon revocation of his probation.

[4] The parties do not dispute that Vogt's probation violation was a Grade C violation.

[5] Vogt's sentence is consistent with both the initial guideline range from Chapter 5 and the revocation range from Chapter 7, and the district court did not state which chapter of the guidelines it relied on in calculating Vogt's sentence. However, any erroneous reliance on Chapter 5 was harmless in this case because the actual sentence imposed was within the applicable Chapter 7 range, and the government has not cross-appealed the district court's sentencing determination.

Rockwell, 984 F.2d at 1117.  However, Rockwell is not on point.  Supervised

release is a distinct punishment from probation, and the statutory provision which

governed revocation of supervised release at the time Rockwell was decided is

quite different from that which governs revocation of probation.  The supervised

release statute at issue in Rockwell stated that, upon a violation of the terms of

supervised release, the district court could

> (2) extend a term of supervised release . . . .;

> (3) revoke a term of supervised release, and require the defendant to
> serve in prison all or part of the term of supervised release
> authorized by statute for the offense. . . .; or

> (4) order the defendant to remain at his place of residence during
> nonworking hours . . . .

18 U.S.C. § 3583(e) (1988) (emphasis added).  18 U.S.C. § 3583(g) further

provided that

> If the defendant--

>  (1) possesses a controlled substance . . . .;

>  the court shall revoke the term of supervised release and require the
> defendant to serve a term of imprisonment not to exceed the
> maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g) (1988).  Thus, under that version of the statute, the

district court generally could either impose  imprisonment or supervised

release for a violation of the conditions of supervised release, 18 U.S.C. §

3583(e)(2)-(3), and was required to impose imprisonment where the

violation consisted of possession of a controlled substance. Id. § 3583(g); Rockwell, 984 F.2d at 115-17 (discussing then-current version of 18 U.S.C. § 3583).[6] Because the alternatives available under § 3583(e) upon revocation of supervised release were framed in the disjunctive, only prison could be imposed when prison was required by § 3583(g). Rockwell, 984 F.2d at 115-17.

Conversely, the probation revocation statute does not limit the types of sentences available to the district court, but instead provides that the court may "revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2). Where, as here, the violation occurs because the defendant is found to have possessed a controlled substance during his probation period, "the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment." Id. § 3565(b) (emphasis added). We have expressly recognized that the district court retains flexibility upon revocation of probation under 18 U.S.C. § 3565(a)(2) "'to structure a new sentence that may include probation,

---

[6]    Since Rockwell, Congress has amended 18 U.S.C. § 3583 to allow precisely the practice we rejected in that case, i.e., the imposition of both imprisonment and supervised release following a revocation of supervised release. 18 U.S.C. § 3583(h).

- 10 -

incarceration, fines, and supervised release,'" in addition to a prison term. United States v. Diaz, 989 F.2d 391, 392 (10th Cir. 1993) (quoting United States v. Behnezhad, 967 F.2d 896, 899 (9th Cir. 1990)). Thus, the probation revocation provision requires only that resentencing be conducted according to subchapter A, and that the new sentence include a prison term in cases involving a controlled substance violation. Those requirements were met in this case.

Vogt further argues that the total length of his new sentence, combined with the time he spent on probation prior to resentencing, exceeds that which was available at the time he was initially sentenced, and is thus impermissible. It is error for a court to apply a sentencing range higher than that allowed by the sentencing guidelines and the statutory provisions governing revocation. See United States v. Smith, 907 F.2d 133 (11th Cir. 1990) (finding error in consideration of statutory maximum rather than guideline range in resentencing upon revocation of probation); see also United States v. Maltais, 961 F.2d 1485, 1486 (10th Cir. 1992) (finding initial guideline sentencing range, rather than higher U.S.S.G. Chapter 7 revocation range, applicable where defendant was initially sentenced before Chapter 7 was adopted). However, Vogt's new sentence does not exceed the range available under the sentencing guidelines. When

probation is revoked, the district court is not permitted to give the defendant credit for time spent on probation in calculating the length of the new sentence imposed.  U.S.S.G. (Policy Statement) § 7B1.5(a) ("Upon revocation of probation, no credit shall be given . . . for any period of the term of probation served prior to revocation.").  When the time spent on probation is disregarded, Vogt's sentence is well within the authorized limits.

The sentence imposed by the district court was within the range allowed by the relevant provisions of the sentencing laws. Accordingly, the decision of the district court is AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge