**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK A. HOREK,

Defendant-Appellant.

No. 97-2268

---

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 96-CR-694-JC)

---

John V. Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico,
for Defendant-Appellant.

Laura Fashing, Assistant United States Attorney (John J. Kelly, United States
Attorney, with her on the brief), United States Attorney's Office, Albuquerque,
New Mexico, for Plaintiff-Appellee.

---

Before **ANDERSON, McWILLIAMS,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Horek appeals a nine-month sentence of imprisonment imposed upon revocation of his probation. Horek argues the sentence is illegal because the district court failed to deduct the four months he served in community confinement as a condition of probation from the maximum sentence available for his original offense. This court rejects Horek's argument that the time spent in community confinement as a condition of probation must be deducted from his maximum term of imprisonment and affirms.[1]

**Background**

The chronology of this case is not in dispute. In April 1994, Horek pleaded guilty to one count of obtaining bank funds by false pretenses, in violation of 18 U.S.C. § 2113(b). On January 20, 1995, the United States District Court for the Eastern District of Michigan sentenced Horek to three years probation, which included a condition that he serve four months home detention. The court also ordered Horek to make restitution in the amount of $14,949.62.

In sentencing Horek, the district court found, pursuant to the United States Sentencing Guidelines (U.S.S.G.), that Horek's offense level was seven and his criminal history category was III, resulting in a guideline imprisonment range of four to ten months. *See* U.S.S.G. ch. 5 pt. A. This four-to-ten-month imprisonment range is in Zone B of the Sentencing Table. *See id*. As indicated,

---

[1]Horek's unopposed motion to supplement the record on appeal is granted.

however, the court did not impose a term of imprisonment. Instead, Horek was placed on probation pursuant to U.S.S.G. § 5C1.1(c)(3), which provides:

> If the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by . . . a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

Subsection (e) allows one day of home detention to be substituted for one day of imprisonment. *See id*. § 5C1.1(e)(3). Similarly, one day of community confinement, which includes residence in a halfway house, may be substituted for one day of imprisonment. *See id.* § 5C1.1(e)(2).

On February 3, 1995, the district court amended its original sentence and ordered that Horek serve four months in a community corrections center rather than four months home detention. Horek subsequently served four months in a halfway house. In December 1996, Horek's probation was transferred from the Eastern District of Michigan to the District of New Mexico.

On March 6, 1997, the United States Probation Office filed a petition to revoke Horek's probation on the grounds that he violated five conditions of his probation. Horek admitted to violating four of the five probation conditions alleged in the Petition for Revocation of Probation. At a sentencing hearing, the district court found that the violations were Grade C violations under U.S.S.G. § 7B1.1(a)(3) (policy statement). Because Horek's original criminal history

category was III, the court found that the applicable guideline imprisonment range upon revocation of Horek's probation was five to eleven months pursuant to U.S.S.G. § 7B1.4(a) (policy statement). Horek was sentenced to eleven months imprisonment.

Horek then filed a Motion to Reconsider and Correct an Illegal Sentence and to Reconsider Detention. At the hearing on this motion, the district court reduced Horek's term of imprisonment from eleven months to nine months, indicating that the sentence of eleven months might violate the Ex Post Facto Clause of the United States Constitution.[2] Horek argued that his sentence should be further decreased because he had already served four months in a halfway house as a condition of his probation. By Horek's count, the two sentences when combined, *i.e.*, four months in the halfway house plus nine months imprisonment, were greater than his original guideline range of four to ten months. The district court, however, did not further decrease Horek's sentence.

Horek appeals the district court's imposition of a nine-month sentence, arguing that the four months he served in community confinement must be deducted from the ten-month maximum sentence for his original offense, leaving six months as the maximum term of imprisonment which could lawfully be

---

[2]Neither party has appealed the district court's reduction of the sentence from eleven months to nine months.

-4-

imposed upon revocation of his probation. This court reviews the district court's legal interpretation and application of the Sentencing Guidelines *de novo*. *See United States v. Maltais*, 961 F.2d 1485, 1486 (10th Cir. 1992).

**Discussion**

Horek's argument rests on his contention that community confinement as a condition of his probation is "imprisonment" within the meaning of the Sentencing Guidelines and must be deducted from the maximum guideline term of imprisonment when resentencing a defendant whose probation has been revoked.

Under the Sentencing Guidelines, Horek's offense level was seven and his criminal history category was III, resulting in a guideline imprisonment range of four to ten months. *See* U.S.S.G. ch. 5 pt. A. Because this guideline range is in Zone B of the Sentencing Table, *see id.*, the district court had three options for satisfying Horek's minimum four-month term of imprisonment, *see id.* § 5C1.1(c). Under U.S.S.G. § 5C1.1(c), the district court could have imposed (1) a sentence of imprisonment of at least four months; (2) a sentence of at least one-month imprisonment plus a term of supervised release, with a condition that Horek be placed in community confinement or home detention for at least the portion of the four-month minimum term not spent in actual imprisonment; or (3) a sentence of probation with a condition that Horek spend at least four months in intermittent

confinement, community confinement, or home detention.  *See also id*. § 5C1.1

Application Note 3.

The district court chose to forgo imposition of a sentence of actual

imprisonment, instead sentencing Horek to a term of probation which included the

condition that Horek spend four months in community confinement.  The four

months Horek spent in community confinement were clearly a "substitute" for

imprisonment under § 5C1.1 of the Sentencing Guidelines.  *See id*. § 5C1.1(e)(2)

(allowing one day of community confinement to be substituted for one day of

imprisonment).  Horek contends that because the four months he spent in

community confinement were a substitute for imprisonment, thus satisfying his

minimum period of imprisonment, they must be applied against the maximum

sentence he can now serve under the Sentencing Guidelines.[3]

---

[3]Horek additionally argues in his reply brief that, "should this Court find the district court's sentence to be legal, . . . he did not elect detention in a halfway house intelligently, *i.e.*, with comprehension that time in the halfway house, unlike time in prison, would yield no advantage toward a potential subsequent sentence for a parole violation."  Horek contends that he was denied due process because he failed to receive notice that time spent in community confinement would not be considered time served toward his maximum term. While Horek made this argument at his hearing before the district court, he did not include it in his opening brief on appeal.  This court will not normally consider arguments raised on appeal for the first time in a reply brief. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996).  Because Horek raised this issue on appeal only in his reply brief and because Horek has not offered any evidence that he would have declined probation if he had received notice that time served in community confinement would not count against his maximum term, we do not address the merits of this argument.

Although the Guidelines permit community confinement to be "substituted" for imprisonment, it does not necessarily follow that the four months Horek spent in community confinement constituted "imprisonment" under the Guidelines. Instead, the four months Horek spent in community confinement are more properly viewed solely as a condition of probation. Section 5C1.1(c)(3) expressly provides that a court may impose "a sentence of probation that includes a *condition or combination of conditions* that substitute . . . community confinement . . . for imprisonment." *Id*. § 5C1.1(c)(3) (emphasis added); s*ee also id*. § 5B1.1(a)(2) (stating "probation is authorized if . . . the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a *condition or combination of conditions* requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of § 5C1.1" (emphasis added)); *id*. § 5F1.1 ("Community confinement may be imposed as a *condition* of probation or supervised release." (emphasis added)).

The Sentencing Guidelines policy statements addressing revocation of probation[4] explicitly provide: "Upon revocation of probation, no credit shall be given (toward any sentence of imprisonment imposed) for any portion of the term

---

[4]Chapter 7 of the Sentencing Guidelines, which addresses revocation of probation and supervised release, contains policy statements rather than actual guidelines. This court has held that the Chapter 7 policy statements are "advisory rather than mandatory in nature." *United States v. Hurst*, 78 F.3d 482, 484 (10th Cir. 1996) (internal quotations omitted).

of probation served prior to revocation." *See id*. § 7B1.5(a) (policy statement). Horek concedes that, in accordance with this section, he may not receive credit against the sentence imposed by the court for the four-month period he spent in community confinement prior to revocation of his probation. He argues, however, that the four months must still be deducted from the maximum ten-month sentence for his original offense, thus limiting the sentence which could lawfully be imposed to six months imprisonment.

While this court acknowledges the distinction between credit against a new sentence imposed and deduction from the maximum guideline term, the Guidelines do not require time spent in community confinement to be treated differently in these two contexts. The intent of the policy statement concerning credit upon revocation of probation is clear. A defendant does not receive any credit against a sentence of imprisonment for any term of probation served. *See id*. Horek's proposed interpretation would circumvent the purpose of this provision by crediting the time against the maximum guideline term, thus severely limiting the maximum sentence a district court could impose upon revocation of a defendant's probation. Nothing in the Guidelines supports this differential treatment of community confinement depending on the context. A more plausible interpretation of the Guidelines is that community confinement, as a condition of probation, is not "imprisonment" within the meaning of the Guidelines and,

therefore, should not be credited against either the sentence imposed on revocation of probation or the maximum guideline term.

This result is in accord with the Eighth Circuit's decision in *United States v. Iversen*, 90 F.3d 1340 (8th Cir. 1996). Like Horek, the defendant in *Iversen* appealed the legality of a sentence imposed upon revocation of her probation. *See id.* at 1345. In *Iversen*, the defendant was originally sentenced to four years probation with a condition that she spend three months in home detention. *See id.* at 1341. Subsequently, her probation was revoked and she received the maximum sentence for her underlying offense, six months imprisonment and three years supervised release. *See id.* The defendant in *Iversen* appealed this sentence, arguing that because she had already served three months home detention, the maximum term of imprisonment she could legally receive was three months. *See id.* at 1345. In rejecting the defendant's argument, the Eighth Circuit explicitly held that "[t]he fact that [the defendant] had already served three months home detention as a condition of probation did not limit the maximum sentence available to the district court in sentencing [the defendant] after revocation of her probation." *Id.*

Similarly, in an unpublished decision referenced by Horek, *United States v. Vogt*, No. 96-1192, 1997 WL 20125 (10th Cir. 1997), this circuit upheld the legality of a sentence imposed upon revocation of probation even though the

length of the new sentence, combined with the time spent previously on probation, exceeded the guideline range applicable for the defendant's original offense.[5] In *Vogt*, the defendant's original guideline range was zero to six months imprisonment and zero to three years supervised release. *See id.* at *1 n.1. The defendant was originally sentenced to three years probation, with a condition requiring ninety days home detention. *See id.* at *1. Upon revocation of his probation, the court resentenced the defendant to four months imprisonment

---

[5]Horek relies heavily on this court's decision in *United States v. Thomas*, 68 F.3d 392 (10th Cir. 1995). The *Thomas* decision, however, was based on Kansas law rather than the Federal Sentencing Guidelines. *See id.* at 394-95. In *Thomas*, the defendant was charged under the Assimilative Crimes Act (ACA) with driving under the influence of alcohol. *See id.* at 393. He pleaded guilty and was sentenced to probation, which was later extended to include a six-month period of home detention. *See id.* Although the defendant successfully completed the six-month period of home detention, his probation was subsequently revoked and he was sentenced to ninety days incarceration. *See id.* On appeal, the defendant argued the ninety-day sentence was illegal because he had already served the six-month statutory maximum permitted under Kansas law through home detention. *See id.* He contended that the Federal Sentencing Guidelines recognize home detention as incarceration. *See id.*

While this court noted in *Thomas* that "if [a] defendant has already served the statutory maximum term of incarceration under the applicable sentencing scheme, additional incarceration would constitute an illegal sentence," *id.* at 393, it did not decide whether home detention constituted incarceration under the Guidelines, *see id.* at 393-94. Instead, this court merely recited the federal statutes and guidelines upon which the defendant relied and then, without deciding whether these authorities were persuasive, determined they were inapposite because Kansas law was controlling under the ACA. *See id.* Based on its analysis of Kansas law, this court upheld the legality of the defendant's sentence, concluding that under state law home detention was not the same as imprisonment. *See id.* at 395. Horek's reliance on *Thomas* is therefore misplaced.

followed by two years supervised release. *See id.* The defendant challenged his sentence, arguing that "the length of the new sentence, combined with the time he had already spent on probation, impermissibly exceeded the maximum sentence available when he was initially sentenced." *Id*. Relying on U.S.S.G. § 7B1.5(a) (policy statement), this court noted that "[w]hen probation is revoked, the district court is not permitted to give the defendant credit for time spent on probation in calculating the length of the new sentence imposed." *Id*. at *4. The court therefore upheld the defendant's sentence because "[w]hen the time spent on probation [was] disregarded, [the defendant's] sentence [was] well within the authorized limits." *Id*. If this court disregards the time Horek has previously spent on probation, including the time spent in community confinement as a condition of that probation, his new sentence is clearly within his initial guideline range.

While the district court could have initially imposed a sentence of imprisonment, it granted Horek the benefit of the doubt and imposed probation with the condition that Horek spend four months in community confinement. Having violated his probation, Horek does not now receive credit against the maximum guideline term of imprisonment for the time that he served in community confinement. The nine-month sentence of imprisonment is therefore legal.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

No. 97-2268, United States v. Horek

McWilliams, J., dissents.

In my view the majority opinion does not follow the teaching of *United States v. Thomas,* 68 F.3d 392 (10th Cir. 1995). In *Thomas*, we, at the very outset of our opinion, posited that case as one arising "in the context of punishment for a misdemeanor when the state law and the federal sentencing guidelines treat home detention differently." Although *Thomas* involved "home detention," the four months which Horek completed in "community confinement" at a "halfway house" under the rationale of *Thomas* constitutes imprisonment under the guidelines to the end that, upon subsequent revocation of his probation, Horek could only be sentenced to a maximum term of six months imprisonment, where, as here, the maximum sentence under the applicable statutes and guidelines for the underlying crime is ten months. Ten months minus four months equals six months. In the instant case, the district court, upon revocation of Horek's probation, sentenced him to imprisonment for nine months, which, under the rationale of *Thomas* is an "illegal" sentence by three months.

Accordingly, I would reverse and remand for resentencing to no more than six months imprisonment, and credit Horek with the time he has already served in the federal correctional institution in Forest City, Arkansas.