**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL GARFINKLE,

Defendant-Appellant.

No. 00-4156

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 99-CV-128-B)**

---

Submitted on the briefs:

J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, Florida, for Defendant-Appellant.

Paul M. Warner, United States Attorney; Wayne T. Dance, Assistant United States Attorney, Chief Appellate Section, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

**McKAY**, Circuit Judge.

Paul Garfinkle appeals from the district court's order adopting the recommendation of the magistrate judge in this case and dismissing appellant's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [1] Our jurisdiction over this appeal arises from 28 U.S.C. § 2253(a). "We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (further quotation omitted), *cert. denied*, 121 S. Ct. 1406 (2001).

Appellant was originally sentenced to five years' probation after pleading guilty to money laundering and conspiracy. He was subsequently charged with violating conditions of his probation and his probation was revoked. Appellant was resentenced to two years' imprisonment followed by three years' supervised release. On direct appeal, this court affirmed his new sentence. *See United States v. Garfinkle*, No. 98-4040, 1998 WL 781022, at **2 (10th Cir. Nov. 6, 1998) (unpublished order and judgment).

In his § 2255 motion, appellant did not challenge the imprisonment portion of his new sentence, but contended that the sentencing court could not legally impose supervised release after revocation of his probation. After dismissing the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

motion, the district court granted appellant a certificate of appealability on the issue.[2] *See* 28 U.S.C. § 2253(c)(1)(B). We note that, while appellant did not raise this issue on direct appeal from his resentencing, he alleges that his counsel was ineffective for failing to raise it, a contention that, if true, would constitute cause for his default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Therefore, we examine appellant's arguments, as did the district court, in light of the standards applicable to ineffective assistance claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Appellant presents three main arguments to support his contention that the district court could not legally sentence him to a term of supervised release following revocation of his probation. First, he contends that the provisions of 18 U.S.C. § 3583 prohibit any sentence beyond the two-year term of imprisonment he received. Then he argues that this court's decision in *United States v. Rockwell*, 984 F.2d 1112 (10th Cir. 1993), *overruled by Johnson v. United States*, 529 U.S. 694 (2000), precludes the district court from imposing

---

[2] Appellant also contended, before the district court, that upon resentencing the court should have given him credit for time spent on probation. The district court rejected the argument and did not grant a certificate of appealability on this point. However, because appellant does not raise the argument on appeal, it is waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

an additional term of supervised release. [3] Underlying these two theories is appellant's last main point: that probation and supervised release are functionally equivalent.

Before the magistrate judge, appellant alleged that his original sentence was five years' supervised release. *See* Appellant's App. at 10, 41. The magistrate judge noted that the record demonstrated otherwise; appellant was actually sentenced to probation. *See id.* at 51. Not until his counseled objections to the magistrate judge's report and recommendation did appellant contend that probation and supervised release are functionally equivalent, relying on introductory comments to Chapter 7 of the United States Sentencing Guidelines Manual. In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, we decline to address appellant's argument that probation and supervised release are functionally equivalent. [4] However, in light of appellant's initial arguments before the magistrate judge that 18 U.S.C. § 3583 and *Rockwell* should be applied to his case--both authorities

---

[3] Despite the abrogation of *Rockwell* by the Supreme Court's decision in *Johnson*, appellant contends that *Rockwell* still applies to his case because it was intact at the time of the conduct underlying his conviction. *See Johnson*, 529 U.S. at 701 (holding that "postrevocation penalties relate to the original offense").

[4] Furthermore, contrary to this court's rules, appellant failed to identify in his opening brief where his arguments were raised and ruled on by the district court. *See* 10th Cir. R. 28.2(C)(2).

dealing with revocation of supervised release--we note that supervised release and probation are not equivalent in this setting and, therefore, those authorities do not apply here.

Revocations of probation are not governed by § 3583 but by a separate provision of the sentencing laws, 18 U.S.C. § 3565. Therefore, appellant's first argument that, before its amendment in 1994, § 3583 prohibited the district court from imposing a term of supervised release after his probation revocation is inapt.[5] Appellant does not acknowledge either the provisions of § 3565 or the district court's ruling that he was not resentenced in reliance on § 3583, *see* Appellant's App. at 53. Further, the version of § 3565 applicable to appellant's resentencing did not limit the sentencing court as did the pre-amendment version of § 3583.[6]

---

[5] Appellant also argues that, because he was sentenced to two years' imprisonment, the maximum penalty available for his revocation under § 3583, the district court could not add a term of supervised release. This argument was not raised until appellant's objections to the magistrate judge's report and is therefore waived. *Marshall*, 75 F.3d at 1426.

[6] Although we have no previous published authority on point, we note that this court has followed this same analysis in an unpublished order and judgment. *See United States v. Vogt*, No. 96-1192, 1997 WL 20125, at **3 (10th Cir. Jan. 21, 1997) (unpublished order & judgment). *Vogt*, as an unpublished decision of this court, is not binding precedent, *see* 10th Cir. R. 36.3(A); however, its relevant facts are closely similar to those in appellant's case, and we find it persuasive.

Similarly, this court's decision in *Rockwell,* on which appellant relies for his second argument, is distinguishable from appellant's case because the petitioner in *Rockwell* had been sentenced to a term of supervised release, not probation. *See* 984 F.2d at 1113. [7] Because we conclude that *Rockwell* does not apply to the facts of appellant's case, we do not address counsel's arguments that application of *Johnson*, which overruled *Rockwell,* would be impermissibly retroactive in this instance.

In light of the different sentencing provisions applicable to revocations of supervised release and revocations of probation, those issues that appellant properly preserved for appellate review lack merit. Accordingly, we agree with the district court that appellant has not shown that his former counsel was ineffective for failing to raise these non-meritorious arguments. *See Foster v. Ward*, 182 F.3d 1177, 1186 (10th Cir. 1999), *cert. denied*, 529 U.S. 1027 (2000). The judgment of the district court dismissing appellant's § 2255 motion is AFFIRMED.

---

[7] *See also Vogt*, 1997 WL 20125, at **1 (unpublished order and judgment).