FILED
United States Court of Appeals
Tenth Circuit

August 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD D. RICHWINE,

        Plaintiff - Appellant,

v.

ANTHONY ROMERO, Warden,

        Defendant - Appellee.

No. 12-2062

D. New Mexico

(D.C. No. 1:09-CV-00870-JB-GBW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Proceeding *pro se*, Richard D. Richwine seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Richwine has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Richwine was convicted by a New Mexico jury of trafficking controlled substances, possession of marijuana, and use or possession of drug paraphernalia. He was sentenced to concurrent terms of nine years' imprisonment on the

trafficking conviction, fifteen days' imprisonment on the marijuana conviction, and 364 days' imprisonment on the paraphernalia conviction. Richwine appealed, alleging (1) the evidence was insufficient to support his convictions, (2) he should not have been convicting of trafficking a controlled substance because he was originally charged with manufacturing a controlled substance, (3) the trial court erred by denying his motion to continue his sentencing, (4) the trial judge was biased against him, and (5) the trial court erred by admitting photographs of alleged paraphernalia used to produce crack cocaine. After first denying Richwine's motion to amend his docketing statement to add claims of ineffective assistance of counsel, the New Mexico Court of Appeals affirmed Richwine's convictions and sentence. The New Mexico Supreme Court denied Richwine's petition for writ of certiorari.

Richwine then filed a state petition seeking post-conviction relief. In this state habeas petition, Richwine alleged (1) prosecutorial misconduct, (2) multiple instances of ineffective assistance of counsel, and (3) judicial bias and abuse of discretion. The petition was denied by the state district court and Richwine's petition for writ of certiorari was denied by the New Mexico Supreme Court.

Proceeding *pro se*, Richwine filed the instant § 2254 habeas application on September 9, 2009. In the petition, Richwine raised all the claims previously raised either on direct appeal or in his state post-conviction petition. He also raised four additional claims of ineffective assistance of counsel, alleging trial

-2-

counsel failed to (1) file a motion to recuse the trial judge, (2) challenge several allegedly biased jurors, (3) rebut the prosecution's statements about his prior criminal history, and (4) investigate and rebut the prosecution's statements about his financial status. A federal magistrate judge addressed each of Richwine's claims in a comprehensive report and recommendation. The district court considered Richwine's written objections to the report and recommendation,[1] but adopted the magistrate judge's recommendation and dismissed Richwine's § 2254 petition.

As to the claims that were previously adjudicated by the New Mexico state courts, the district court reviewed those claims under the standard set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), concluding the state courts' adjudication was not contrary to, nor an unreasonable application of clearly established federal law.[2] 28 U.S.C. § 2254(d). Because the four unexhausted new claims of ineffective assistance of counsel had not been presented to the state court, the federal district court reviewed them *de novo. See* 28 U.S.C. § 2254(b)(2) (providing federal court can deny on the merits

---

[1]The district court concluded Richwine's objections included four claims that were waived because they were raised for the first time in the objections. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

[2]The court concluded Richwine's claim his trial attorney failed to conduct an adequate investigation wholly lacked a factual basis and his claim counsel failed to request a lesser-included instruction was controverted by the record.

unexhausted habeas claims). The court denied relief on all four claims, concluding the record contained no factual support for one claim and Richwine was not able to meet either the performance or prejudice prongs of *Strickland* as to the other three claims. *See Strickland v. Washington*, 466 U.S. 668, 677-78 (1984).

Richwine also raised a claim that he is receiving inadequate legal material in prison. The district court concluded this claim must be brought under 42 U.S.C. § 1983 and, accordingly, dismissed it without prejudice.

To be entitled to a COA, Richwine must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Richwine has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his

claims. *Miller-El*, 537 U.S. at 338. Although Richwine need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Richwine's appellate brief and application for COA, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Richwine is not entitled to a COA. The district court's resolution of Richwine's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Richwine has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Richwine's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge