**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4604
_____

UNITED STATES OF AMERICA

v.

CALVIN PLUMMER, a/k/a FORTY

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 08-cr-00376-021)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2014
_____

Before: SMITH, SHWARTZ and ROTH, <u>Circuit Judges</u>.

(Filed: September 16, 2014)
_____

OPINION
_____

SHWARTZ, <u>Circuit Judge</u>.

Calvin Plummer appeals the sentence imposed for his violation of supervised

release. Because the sentence was procedurally and substantively reasonable, we will

affirm.

1

## I

As we write primarily for the benefit of the parties, we recite only the essential facts and procedural history. Plummer pleaded guilty to possession with intent to distribute and distribution of cocaine and cocaine base, and was sentenced to 46 months of imprisonment followed by 3 years of supervised release. Among other conditions of supervised release, Plummer was required to refrain from unlawfully using a controlled substance, refrain from committing another crime, participate in drug testing and treatment, and notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

While Plummer was on supervised release, the United States Probation Office filed a Petition alleging that Plummer: (1) tested positive for marijuana ten times; (2) was arrested for driving under the influence; (3) failed to notify his probation officer of the arrest within 72 hours; (4) failed to appear for substance abuse testing six times; and (5) failed to attend a weekly session of the Probation Office's Intermediate Sanction Program.

On November 4, 2013, the District Court held a hearing at which Plummer admitted to these violations and to additional violations for failing to inform his probation officer of several traffic citations. To avoid revocation of his supervised release, Plummer asked that the hearing be continued so that he could come into compliance with his supervised release conditions by clearing his outstanding warrants, attending drug treatment, beginning full-time employment, and refraining from further drug use. The District Court granted Plummer's request and adjourned the hearing until November 19,

2

2013. The District Court cautioned Plummer that if he used drugs or failed to attend drug treatment, therapy, or the Probation Office's Intermediate Sanction Program, he would "go right to jail." App. 41, 57-58, 65.

At the continued hearing on November 19, the District Court learned that Plummer had not complied with the District Court's directives and had committed additional violations. Specifically, Plummer used marijuana, failed to clear any of his outstanding warrants, and missed a required Intermediate Sanction Program session. The District Court reminded Plummer that his conduct constituted Class C violations and his Category III criminal history resulted in an advisory Guidelines sentencing range of 5 to 11 months' imprisonment. The parties then presented sentencing arguments and Plummer spoke on his own behalf. Plummer and his counsel both attempted to dissuade the District Court from re-incarcerating him, and instead asked it to permit him to continue working so that he could earn enough money to clear his outstanding warrants.

The District Court revoked Plummer's supervised release and sentenced him to 6 months of incarceration and 24 months of supervised release, with the first 6 months of supervised release to be served in a community confinement center. In explaining the sentence, the District Court discussed Plummer's repeated violations, the opportunity it had given Plummer to address those violations, Plummer's personal history and characteristics, and the need for a sentence to deter future criminal activity and protect the public. The District Court also expressed concern for Plummer's substance abuse and advised him to seek additional treatment both during incarceration and upon release. Although Plummer sought house arrest in lieu of incarceration, he did not assert that the

3

imposition of community confinement in addition to prison unlawfully exceeded the advisory Guidelines range.  Plummer appeals.

## II[1]

Plummer challenges both the procedural and substantive reasonableness of his sentence.  We typically review the procedural and substantive reasonableness of a sentence imposed for a violation of supervised release for abuse of discretion.  United States v. Clark, 726 F.3d 496, 500 (3d Cir. 2013).  Where a defendant fails to raise a specific objection to his sentence before the district court, however, we review for plain error.  United States v. Jones, 740 F.3d 127, 132 (3d Cir. 2014).  Plain error review requires us to determine whether the District Court erred, the error was "plain," and the error affected "substantial rights."  United States v. Miller, 527 F.3d 54, 70 (3d Cir. 2008).  If an appellant meets all three requirements, then we may exercise our discretion under Fed. R. Crim. P. 52(b) to consider the error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Johnson v. United States, 520 U.S. 461, 467 (1997) (quotation marks, citations, and alterations omitted).

## III

Plummer challenges his sentence on three grounds.  He contends that the District Court: (1) erred by sentencing him to "twelve months of confinement" in violation of the U.S. Sentencing Guidelines §§ 7B1.3(c) and 7B1.4; (2) failed to meaningfully consider the factors listed in 18 U.S.C. § 3553(a) or adequately discuss them in relation to his

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction over Plummer's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

4

sentence; and (3) imposed a sentence that was both excessive and greater than necessary to achieve the goals of sentencing.

A

We first address Plummer's claim that the District Court's sentence violated Guidelines §§ 7B1.3(c) and 7B1.4. Plummer's Class C violations exposed him to a revocation sentence of 5 to 11 months' imprisonment. U.S.S.G. § 7B1.4. Because the minimum term of imprisonment is between 1 month and 6 months, "the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term." U.S.S.G. § 7B1.3(c)(1). Plummer argues that the combination of 6 months' imprisonment and 6 months' community confinement amounts to 12 months of confinement in violation of these sections.

Because Plummer did not raise this argument before the District Court, he must show that the sentence was plain error. Plummer cannot do so as community confinement does not constitute imprisonment. Imprisonment and community confinement are different because imprisonment removes a person from the community while community confinement restricts a person within the community. United States v. Adler, 52 F.3d 20, 21 (2d Cir. 1995). Additionally, the Sentencing Guidelines view community confinement and imprisonment as distinct. For instance, our Court has explained that community confinement "cannot constitute imprisonment" that fulfills § 5C1.1's requirement that at least part of a split sentence "be satisfied by imprisonment."

5

United States v. Serafini, 233 F.3d 758, 777-78 (3d Cir. 2000).[2] Because community confinement as a condition of supervised release is not an additional term of imprisonment, Plummer's challenge fails. See also United States v. Elkins, 176 F.3d 1016, 1021 (7th Cir. 1999); United States v. Horek, 137 F.3d 1226, 1229 (10th Cir. 1998) ("[C]ommunity confinement, as a condition of probation, is not 'imprisonment' within the meaning of the Guidelines and, therefore, should not be credited against either the sentence imposed on revocation of probation or the maximum guideline term.").

For these reasons, the District Court did not err in sentencing Plummer to 6 months of incarceration and 24 months of supervised release with the first 6 months in community confinement.

---

[2] In Serafini, this Court stated in dicta that the district court would have committed reversible error had it ordered community confinement to satisfy "the requirement for imprisonment." Serafini, 233 F.3d at 777-78; see also Adler, 52 F.3d at 21 (imprisonment and community confinement "are not synonyms" for purposes of minimum sentence under § 5C2.1(d)); United States v. Pielago, 135 F.3d 703, 713 (11th Cir. 1998) (the "Sentencing Commission considered a sentence to confinement in a community treatment center to be different from a 'sentence of imprisonment'" under § 5C1.1(d)); United States v. Latimer, 991 F.2d 1509, 1511-12 (9th Cir 1993) (reviewing "numerous provisions of the Guidelines" and concluding that the Sentencing Commission "repeatedly draws a sharp distinction between confinement in a community treatment center or halfway house and confinement in a conventional prison facility").

B

Plummer next argues that the District Court imposed a procedurally unreasonable sentence by failing to consider the § 3553(a) factors or "discuss these factors in context or relation to the sentence imposed." Appellant's Br. 13.[3] To be procedurally reasonable, a revocation sentence must, among other things, reflect "rational and meaningful consideration of the relevant § 3553(a) factors."[4] United States v. Clark, 726 F.3d 496, 500 (3d Cir. 2013) (quotation marks omitted). A district court is "not required to comment explicitly on every [sentencing] factor," United States v. Howe, 543 F.3d 128, 136-37 (3d Cir. 2008) (quotation marks and citations omitted), or "make explicit findings as to each of the § 3553(a) factors if the record makes clear that [it] took the facts into account in sentencing." United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) (quotation marks and citation omitted).

---

[3] Because Plummer was sentenced prior to our decision in United States v. Flores-Mejia, No. 12-3149, --- F.3d ---, 2014 WL 3450938 (3d Cir. July 16, 2014) (en banc), we will review this issue for abuse of discretion despite his apparent failure to explicitly raise his procedural objection after the District Court announced his sentence. See Flores-Mejia, 2014 WL 3450938, at *4 & n.7 (clarifying that a defendant's "duty to object to [a] sentencing court's procedural error after sentencing" does not apply retroactively).

[4] Section 3583(e) permits a district court to revoke or modify the conditions of supervised release upon consideration of the following § 3553(a) factors: (a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant); (a)(2)(B) (the need for the sentence imposed to afford adequate deterrence to criminal conduct); (a)(2)(C) (the need for the sentence imposed to protect the public from further crimes of the defendant); (a)(2)(D) (the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner); (a)(4) (the applicable Guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3)); (a)(5) (the Guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2)); (a)(6) (the need to avoid unwarranted sentence disparities among defendants with similar records who have been

The record demonstrates that the District Court gave meaningful consideration to the applicable § 3553(a) factors and adequately explained its chosen sentence. The District Court acknowledged the multiple violations to which Plummer admitted and noted that he was given a chance to rectify his violations before sentencing, yet he continued to violate the conditions of his supervised release. It then considered the need to impose a sentence sufficient to deter future criminal conduct generally, the need to protect the public from Plummer specifically, and Plummer's need for treatment. In this regard, the District Court expressed concern about Plummer's continued marijuana abuse, and conveyed its desire that he seek treatment during his 6-month incarceration, and implored him to save money to clear his outstanding warrants upon release.

Because the District Court meaningfully considered the relevant § 3553(a) factors and explained its chosen sentence, the sentence was procedurally reasonable.

C

Having found Plummer's sentence procedurally reasonable, we next address his assertion that his sentence was excessive and greater than necessary to achieve the goals of sentencing, and therefore substantively unreasonable.

We will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Thus, our review of substantive reasonableness is highly deferential and

---

found guilty of similar conduct); and (a)(7) (the need to provide restitution to any victims of the offense). 18 U.S.C. §§ 3583(e), 3553(a).

focuses on "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." Clark, 726 F.3d at 500 (quoting United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010)).  In reviewing a sentence for violation of supervised release, we are mindful that its primary purpose is "to sanction the defendant's breach of trust" while accounting for "the seriousness of the underlying violation and the criminal history of the violator." United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007) (quotation marks omitted); see also United States v. Thornhill, No. 13-2876, --- F.3d ---, 2014 WL 3056536, at *12 (3d Cir. July 8, 2014) (noting that a defendant's "recidivism" and violation of mandatory supervised release conditions come "to the forefront" of a revocation hearing).

Here, we cannot conclude that Plummer's sentence is unreasonable.  In determining the sentence, the District Court considered Plummer's repeated violations of his supervised released conditions and his failure to take advantage of the opportunity the District Court provided to rectify them.  It also discussed his personal characteristics, his drug use, and its conclusion that a custodial sentence together with a period of supervision was necessary to address his need for treatment and the goal of deterring him from future violations.  For these reasons, Plummer's sentence is substantively reasonable.

IV

For the foregoing reasons, we will affirm the judgment of the District Court.

9