**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS LEON BAHNEY,

      Petitioner - Appellant,

v.

JAMES JANECKA, Warden; GARY
K. KING, Attorney General for the
State of New Mexico,

      Respondents - Appellees.

No. 09-2216
(D.C. No. 08-CV-01203)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Thomas Leon Bahney, a state prisoner appearing pro

se, seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order dismissing his petition for a writ of habeas corpus with prejudice.

28 U.S.C. § 2254. Because Mr. Bahney has not made the "substantial showing of

the denial of a constitutional right" required to obtain a COA, 28 U.S.C. §

2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA

and dismiss the appeal.

On March 2, 2007, Mr. Bahney pled guilty to first degree murder pursuant

to a plea agreement and was sentenced to life in prison followed by five years'

parole. 1 R. 125-26, 130-32. The plea agreement also provided that several other charges would be dismissed. Mr. Bahney did not file a direct appeal, but filed a state petition for a writ of habeas corpus on July 12, 2007. R. 28-36, 248. In a summary order, the state district court dismissed the petition with prejudice on April 14, 2008, and the New Mexico Supreme Court denied certiorari on November 26, 2008. R. 46, 77. Mr. Bahney timely filed his federal petition for a writ of habeas corpus on December 29, 2008. R. 4.

In his federal petition, Mr. Bahney sought relief on four grounds, all of which alleged violations of his constitutional right to due process: (1) his plea agreement was coerced; (2) the prosecutor improperly withdrew an initial, more lenient plea offer; (3) his counsel was ineffective because the counsel failed to pursue key witnesses and did not move to suppress certain evidence; and (4) the New Mexico Supreme Court ruled on his certiorari petition before he could reply to the "outlandish" allegations in the state's response. R. 19-21. The district court referred Mr. Bahney's petition to a magistrate judge, R. 98, who rejected Mr. Bahney's claims: his plea was voluntary despite his counsel's pressure to accept it; the record contained no evidence that any prior plea offer was binding; his claims of ineffective assistance of counsel were conclusory and unsupported and lacked any showing of prejudice; and the procedural claim regarding the New Mexico Supreme Court was a matter of state law that federal courts cannot review. R. 245-49.

Mr. Bahney filed objections to the magistrate judge's report. R. 251-56. The objections repeated some claims made in his original habeas petition: the withdrawn plea offer and ineffective assistance of counsel. R. 252-53. Mr. Bahney added some new claims as well: that he is actually innocent; that the State's inclusion of a newspaper article in its response to his petition for a writ of certiorari to the New Mexico Supreme Court contained hearsay in violation of the Confrontation Clause; and that his counsel was ineffective for two new reasons—for allegedly lying to Mr. Bahney about the length of the sentence he would receive if he pled and for failing to conduct an independent crime scene analysis. R. 252-55.

The district court overruled Mr. Bahney's objections, adopted the magistrate judge's report, denied the petition and dismissed the case. The court determined that Mr. Bahney had waived the arguments raised for the first time in his objections. R. 264-67 (citing United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)). The district court rejected the remaining claims on the merits, essentially for the same reasons as the magistrate judge. Id.

In his request for a COA, Mr. Bahney presents five issues, restating his objections to the magistrate judge's report and newly arguing that some evidence against him was obtained in violation of the Fourth Amendment. Pet. Br. at 3. To obtain a COA, Mr. Bahney must show that reasonable jurists would find it debatable whether the district court was correct in its procedural rulings and/or

whether he stated a valid claim for the denial of a constitutional right. See Slack, 529 U.S. at 484. Mr. Bahney waived his Fourth Amendment claim by not raising it below; it thus is not a proper basis for a COA. See Parker v. Scott, 394 F.3d 1302, 1307 (10th Cir. 2005). The district court's determination that the actual innocence claim, the Confrontation Clause claim, and the new ineffective assistance arguments were also waived (procedural) is not reasonably debatable because "theories raised for the first time in objections to the magistrate judge's report are deemed waived." Garfinkle, 261 F.3d at 1031. Mr. Bahney has not shown that he qualifies for any of the exceptions from this firm waiver rule: that the court failed to inform him of the time period for objecting and the consequences of failing to object, that the interests of justice warrant review, or plain error. Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008); Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006).

The resolution by the district court of the issues decided on the merits is likewise not reasonably debatable. First, Mr. Bahney presented no evidence that he ever concluded another plea agreement with the prosecution. To his objections to the magistrate's report, Mr. Bahney attached a letter from his attorney relaying a plea offer that would have capped his sentence at twenty-two years, as well as a drafted plea agreement. R. 257-60. The draft agreement bears only the signature of Mr. Bahney's counsel, not the signatures of either the prosecutor or the state judge. The district court's conclusion that Mr. Bahney lacks a sufficient factual

basis for his constitutional claim on this theory is not reasonably debatable.  See

United States v. Novosel, 481 F.3d 1288, 1292 (10th Cir. 2007) (citing Mabry v.

Johnson, 467 U.S. 504, 507 (1984)).  Second, the district court's conclusion that

Mr. Bahney has not demonstrated that, but for his counsel's failure to track down

alibi witnesses and move to suppress certain evidence, "he would not have

pleaded guilty and would have insisted on going to trial" is likewise not

reasonably debatable.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

      We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge