FILED
United States Court of Appeals
Tenth Circuit

October 18, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

LEO L. DURAN,

    Plaintiff - Appellant,

v.

LESLIE DONALDSON, Doctor of
C.C.A.D.C.; BOARD OF COUNTY
COMMISSIONERS OF CURRY
COUNTY; TAMARA CURTIS,

    Defendants - Appellees.

No. 15-2160
(D.C. No. 1:09-CV-00758-MCA-SMV)
(D. N.M.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

    Leo L. Duran, a state prisoner proceeding pro se, appeals the district court's

dismissal of his 42 U.S.C. § 1983 civil rights complaint. Mr. Duran asserted

Dr. Leslie Donaldson and Nurse Tamara Curtis (collectively, the Defendants)

violated his Eighth Amendment rights by acting with deliberate indifference to his

medical and mental-health needs while he was incarcerated at the Curry County

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Adult Detention Center (CCADC).[1]  The district court granted summary judgment in favor of Dr. Donaldson, and dismissed the claims against Nurse Curtis under Fed. R. Civ. P 12(b)(6) on qualified immunity grounds.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Duran alleged Dr. Donaldson and Nurse Curtis denied or delayed care for a hand wound and provided inadequate mental health services to him while he was incarcerated at CCADC from October 2007 to May 2008.  Dr. Donaldson is a private physician who contracts to provide treatment to CCADC inmates; Nurse Curtis is a registered nurse employed at CCADC.  The magistrate judge's reports and recommendations and the district court's orders very thoroughly and accurately set forth the allegations and evidence, which we need not repeat in detail.

Hand Wound.  Mr. Duran punched another inmate on December 10, 2007, and in doing so, cut his hand on the inmate's teeth.  CCADC sent Mr. Duran to a hospital where his wound was examined, cleaned and closed, and he was given an antibiotic prescription.  Several days later, Dr. Donaldson saw Mr. Duran in his cell because the wound reopened and an infection developed.  Dr. Donaldson said he would examine

---

[1]  Mr. Duran also alleged claims against the Board of County Commissioners of Curry County, New Mexico (the Board), which were dismissed by the district court.  Mr. Duran has forfeited appellate review of this dismissal by his failure to file any objections to the magistrate judge's two reports and recommendations to grant the Board's motions to dismiss.  *See Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (adopting a firm waiver rule that failure to object to a magistrate judge's findings or recommendations waives appellate review of both factual and legal questions).

2

Mr. Duran on his next clinic day, December 20th. In the meantime, Nurse Curtis cleaned and reclosed Mr. Duran's wound. Mr. Duran was unable to see Dr. Donaldson on December 20 because he was in court. Nurse Curtis treated Mr. Duran's wound several more times, and CCADC sent Mr. Duran to a medical clinic, where he was given another antibiotic prescription and referred to an orthopedic surgeon who examined Mr. Duran on January 4, 2008. CCADC later took Mr. Duran to an infectious disease specialist on January 17, who prescribed more antibiotics and recommended a bone culture, which was never scheduled.

CCADC took Mr. Duran to a hand surgeon on January 21, who noted the antibiotics appeared to have taken care of the infection and that Mr. Duran's hand was well healed. The hand surgeon asked that Mr. Duran be returned in four to six weeks for evaluation and ordered physical therapy to teach him range-of-motion exercises. Physical therapy was never provided to Mr. Duran and he was not taken again to the hand surgeon. Dr. Donaldson examined Mr. Duran on April 2, 2008, and concluded the wound was well-healed and that further treatment was unnecessary. Mr. Duran transferred out of CCADC on May 5, 2008.

Mr. Duran alleged Defendants denied or delayed him medical care for his hand injury, as a result of which he suffered decreased grip strength in his finger and pain due to the lingering infection. He listed many reasons he believed Defendants were deliberately indifferent, including that they failed to return him to the hospital when his wound became infected, and failed to follow the hand surgeon's treatment plan to obtain a bone culture, provide him with physical therapy, and return him for follow

3

up care. He alleged Dr. Donaldson failed to examine him prior to December 20, 2007, to prescribe adequate antibiotics, and to supervise Nurse Curtis's care. He alleged Nurse Curtis was deliberately indifferent by treating his wound without physician supervision and failing to house him in CCADC's medical pod.

Mental Health Care. Mr. Duran has a history of psychiatric disorders, including severe anxiety and impulse control, which were noted when he arrived at CCADC. Dr. Donaldson prescribed various psychotropic medications to Mr. Duran throughout his incarceration. Mr. Duran filed numerous grievances during his incarceration at CCADC claiming he was getting the wrong medication, wanted to try different medication, or was not getting his medication. Mr. Duran was seen by a psychiatrist in March 2008.

He alleged Dr. Donaldson and Nurse Curtis were deliberately indifferent to his mental health needs, and as a result, he became aggressive after taking a psychotropic medication wrongly prescribed, causing him to strike the inmate in December 2007. Mr. Duran alleged Dr. Donaldson failed to personally evaluate his complaints of mood changes, to adequately monitor his psychotropic medications, and to implement adequate procedures for emergency psychiatric care. He alleged Nurse Curtis ignored his request to obtain his correct psychotropic medications from his family, prevented him by getting treatment with an outside mental health provider by rescheduling his appointment, and failed to fulfill her gatekeeper role to ensure he received adequate psychiatric treatment before he assaulted the inmate.

4

District Court Proceedings. The district court granted Dr. Donaldson's motion for summary judgment and Nurse Curtis's motion to dismiss.[2] As to the hand wound, the court ruled Mr. Duran failed to present objective evidence that he suffered sufficiently serious harm to qualify as an Eighth Amendment violation, or that any denial or delay in treatment by Defendants caused his alleged harms. As to Mr. Duran's mental health care, the district court ruled that Mr. Duran failed to show either Defendant was aware of a substantial risk to Mr. Duran's health, noting that Mr. Duran was receiving psychotropic medication before he struck the inmate, and that his mental illness had never caused him to strike anyone prior to that incident.

## DISCUSSION

On appeal, Mr. Duran argues the district court erred in ruling he failed to show Dr. Donaldson and Nurse Curtis acted with deliberate indifference. He asks the court to appoint an expert to support his claims and to appoint counsel. We review de novo the grant of Dr. Donaldson's motion summary judgment, viewing the record in the light most favorable to Mr. Duran. *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). We also review de novo the grant of Nurse Curtis's motion to dismiss based on qualified immunity. *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010). We liberally construe Mr. Duran's appellate filings in light of his pro se status, but we

---

[2] A magistrate judge issued a report and recommendation (R&R) to grant summary judgment on all claims against Dr. Donaldson and to dismiss all but two of the claims against Nurse Curtis. The district court adopted the R&R as to Dr. Donaldson in full, and ruled Nurse Curtis was entitled to qualified immunity on all claims, sustaining her objections to the R&R.

may not act as his advocate or make arguments for him. *Walters v. Wal–Mart Stores*, 703 F.3d 1167, 1173 (10th Cir. 2013).

Legal Standards. Prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). The test for deliberate indifference includes both an objective and subjective component. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

To satisfy the objective element, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). To satisfy the subjective element, the prison official "must have a sufficiently culpable state of mind," *id*. (internal quotation marks omitted), that is, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. As relevant to Nurse Curtis's motion to dismiss on qualified immunity grounds, when a defendant asserts qualified immunity as a defense to a § 1983 claim, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez*, 563 F.3d at 1088.

Hand Injury. The district court ruled Mr. Duran did not satisfy the objective component of his deliberate-indifference claim because the deprivation alleged was not "sufficiently serious." It ruled the alleged pain due to the infection and decreased

6

grip strength and pain when grasping did not rise to a level sufficiently serious to be cognizable under the Eighth Amendment. Further, it ruled that Mr. Duran failed to present any evidence, expert or non-expert, that Defendants' actions or inaction in any way caused or was to blame for these alleged harms. *See Mata*, 427 F.3d at 751 (holding § 1983 plaintiff must show alleged delay in medical care "resulted in substantial harm").

On appeal, Mr. Duran lists numerous reasons why he believes Defendants were deliberately indifferent to his hand wound.[3] We agree with the district court, however, that he did not produce objective evidence that any alleged deprivation was an objectively, sufficiently serious injury cognizable under the Eighth Amendment.

A sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751. "The substantial harm requirement may

---

[3] He argues on appeal that Dr. Donaldson was deliberately indifferent to his hand wound by (1) refusing to treat his reopened wound until December 20, 2007, (2) failing to follow the hand surgeon's treatment plan; and (3) concluding in April 2008 that Mr. Duran's hand was healed and did not require further treatment. He argues Nurse Curtis was deliberately indifferent to his hand wound by (1) repeatedly applying Dermabond to his infected wound, (2) failing to return him to hospital when his wound condition changed, and (3) failing to follow the hand surgeon's treatment plan for a bone culture and physical therapy.

7

be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id*. (citations and internal quotation marks omitted).

In determining whether a medical need or harm is sufficiently serious under the objective component, we consider both the symptoms initially presented to the prison employee as well as any resulting harm. *Mata*, 427 F.3d at 753. Although infections may be a serious medical need, there is no evidence in the record here that the condition of any infection in Mr. Duran's hand ever obviously required prompt medical attention that Dr. Donaldson or Nurse Curtis ignored. Mr. Duran was treated regularly by Nurse Curtis and he was repeatedly taken to specialists outside CCADC for further examination and antibiotic prescriptions. After Mr. Duran was seen by the hand specialist, who concluded the wound was well-healed, there is no evidence that his wound was thereafter ever infected or otherwise required any further treatment by Dr. Donaldson or another physician.

Further, we agree with the district court that the resulting decreased grip strength and discomfort in his finger do not rise to the level of an objectively, sufficiently serious injury.[4] "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely the symptoms

---

[4] Mr. Duran asserts on appeal that he lost a quarter inch of his finger due to the infection in his hand knuckle, and thus suffered serious harm. He did not make this claim in his complaint, but first raised this allegation in his objections to the magistrate judge's reports and recommendation and never presented any supporting evidence. Accordingly this argument has been waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

presented at the time the prison employee has contact with the prisoner." *Martinez*, 563 F.3d at 1088 (internal quotation marks omitted). And, as the district court found, Mr. Duran failed to present evidence of any causal link between any alleged delay in care by Defendants and his alleged stiffness and discomfort. A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). We conclude Mr. Duran did not present sufficient evidence related to the treatment of his hand wound to satisfy the objective component of the deliberate indifference test.

Mental Health Care. The district court ruled Mr. Duran did not satisfy either the objective or subjective components of his claims that the Defendants were deliberately indifferent to his mental health needs. The court ruled Mr. Duran's claim of substantial harm, namely that he struck an inmate because of his inadequately treated mental illness, is not sufficiently serious to satisfy the objective component. The court further ruled that there was no evidence that either Defendant was aware of and disregarded an excessive risk to Mr. Duran's health or safety with respect to his mental illnesses, and there was no evidence that any alleged failure by Defendants caused Mr. Duran to punch the inmate.

On appeal, Mr. Duran argues that Nurse Curtis ignored his complaints about his medication and need for outside psychiatric care for his anxiety and aggression and that Dr. Donaldson prescribed psychotropic medication without personally

9

examining him.[5]  He also argues it was error to rule punching an inmate due to inadequate mental health care is not a sufficiently serious injury to state an Eighth Amendment claim.

To be deliberately indifferent, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Here, there is no evidence in the record that Dr. Donaldson or Nurse Curtis were aware of any risk that Mr. Duran might harm himself or another inmate because of any mental health issues he had.  The undisputed evidence demonstrates that Dr. Donaldson prescribed psychiatric medications for Mr. Duran throughout his incarceration at CCADC. Thus, there is no evidence indicating a risk of substantial harm.  Further, Mr. Duran's opinion that he should have been prescribed different medications are insufficient to show deliberate indifference under the Eighth Amendment.  *See, e.g., Estelle*, 429 U.S. at 105–06 (neither "inadvertent failure to provide adequate medical care" nor "a complaint that a physician has been negligent in diagnosing or treating a medical condition  . . . state a valid claim of medical mistreatment under the Eighth

---

[5]  More specifically, he argues Dr. Donaldson was deliberately indifferent to his mental health needs by (1) providing mental health treatment through medical forms rather than examination; (2) hiring untrained and non-qualified medical personnel to assess his need for mental health care; (3) failing to ensure that he had access to mental health providers outside of CCADC; (4) failing to implement procedures for timely psychiatric care; (5) only providing mental health treatments occasionally; (6) lacking qualifications to diagnose his mental health needs; and (7) providing erroneous treatment for his severe anxiety and aggression.

Amendment."). Finally, there is no evidence Dr. Donaldson prescribed inappropriate medication or that the prescribed medication was in any way the cause of Mr. Duran's attack on the fellow inmate. The district court correctly ruled Mr. Duran failed to allege facts that support an Eighth Amendment claim related to his mental health care by Defendants.

We affirm the district court's grant of summary judgment to Dr. Donaldson and the district court's dismissal of Mr. Duran's complaint against Nurse Curtis. We deny Mr. Duran's request for the appointment of a medical expert or counsel. We grant Mr. Duran's motion to proceed *in forma pauperis*, but remind him that this status eliminates only the need for prepayment of the filing fee. Mr. Duran remains obligated to pay the filing fee in monthly installments. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Gregory A. Phillips
Circuit Judge

11