FILED
United States Court of Appeals
Tenth Circuit

June 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN HEARD,

 Plaintiff - Appellant,

v.

C. CHAVEZ, Mailroom Staff, Counts 2-9;
FNU BHAKTA,

 Defendants - Appellees.

No. 16-2198
(D.C. No. 2:13-CV-01236-KG-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

 John Heard, a state prisoner proceeding pro se, appeals the district court's

dismissal of his claims brought under 42 U.S.C. § 1983 against two employees of the

Guadalupe County Correctional Facility ("GCCF") who prevented him from

receiving several publications that were mailed to him. We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

_____

 * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Heard filed this action against several GCCF employees, alleging that they violated his First and Fourteenth Amendment rights by intercepting and rejecting publications that were mailed to him and by denying him due process related to those rejections. He sought injunctive relief and damages. The district court initially dismissed all the claims except those against Defendant Chavez, the mailroom supervisor, in her individual capacity (claims 2 through 8). It later reinstated two claims against Defendant Bhakta, the property manager, in her individual capacity (claims 1 and 6).

Mr. Heard prevailed on claim 1, which is not part of this appeal. The district court granted summary judgment in his favor based on its determination that Defendant Bhakta violated Mr. Heard's due process rights when she rejected a book solely because it was not from an approved vendor. It awarded Mr. Heard damages of $75.00 on this claim.

Claims 2 through 4 are based on the undisputed assertion that Defendant Chavez rejected three publications that were mailed to Mr. Heard and failed to provide him with rejection slips. Mr. Heard contends that this violated his Fourteenth Amendment rights. He admits, however, that he received actual notice *from the vendors* that the publications had been rejected. The district court concluded that Mr. Heard's receipt of actual notice of the rejections precluded any basis for establishing a procedural due process violation, and therefore it granted summary judgment on these claims.

2

Claims 5 and 6 involve the rejection of two other publications (a magazine and a book) pursuant to GCCF's policy on obscene materials.[1]  Mr. Heard contends that the rejection of these publications violated his First Amendment rights.  The district court stated that Mr. Heard did not have a right to receive sexually explicit material in prison, citing *Jones v. Salt Lake County*, 503 F.3d 1147, 1155-56 (10th Cir. 2007).  The court weighed the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987), and concluded that GCCF's policy of denying prisoners access to obscene materials is not unconstitutional.

Claim 6 is based on the additional assertion that Mr. Heard's rights under the Equal Protection Clause were violated because another prisoner was allowed to possess the same book that was rejected when it was sent to Mr. Heard.  Without objection by Mr. Heard, the district court dismissed this claim against Defendant Chavez because the property office, not the mailroom, handles incoming books at GCCF.  As for the remaining equal protection claim against Defendant Bhakta, the district court concluded that even if Mr. Heard could prove that he was treated differently from other similarly situated individuals, he could not prove that there was no rational basis for the discrimination.  The book was rejected in accordance with GCCF's policy on obscene materials "because it contained inappropriate material including photographs of females partially or totally nude and/or posed in

---

[1] Pursuant to GCCF's correspondence regulations, incoming mail will be rejected if it "is obscene in that it appeals primarily to the prurient interests or is patently offensive."  R., Vol. 2 at 131.

sexually explicit positions," R., Vol. 1 at 83, and the court had already determined that the policy is not unconstitutional.

Claims 7 and 8 are based on the rejections of two additional publications. The magistrate judge recommended dismissing these claims because Mr. Heard failed to exhaust his administrative remedies, and therefore the claims were barred under the Prison Litigation Reform Act. Mr. Heard contends that he was prevented from exhausting his administrative remedies because after he filed informal complaints, he "was transferred to another facility while waiting for an answer to both grievances." R., Vol. 1 at 129. The magistrate judge found that even if Mr. Heard's informal complaints were not resolved, the deadlines for filing formal grievances on both rejections had expired well before his transfer. Mr. Heard did not dispute these factual findings of the magistrate judge. Instead, he objected on the ground that he had in fact filed formal grievances but received no response. The district court overruled the objection because Mr. Heard did not raise the issue before the magistrate judge, *see ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011), dismissing claims 7 and 8 without prejudice.

Before this court, Mr. Heard argues that the district court erred by granting summary judgment in favor of Defendants Chavez and Bhakta.

## II. Analysis

We review de novo the grant of summary judgment, applying the same standard as the district court. *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). "The court shall grant summary judgment if the movant shows that there is no

4

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Ribeau*, 681 F.3d at 1194 (internal quotation marks omitted). We liberally construe Mr. Heard's pro se pleadings, *see Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013), but we will not supply additional factual allegations or construct legal theories on his behalf, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

## A. Claims 2 through 4

Mr. Heard contends that summary judgment on his procedural due process claims was improper because Defendant Chavez was required to notify him when the GCCF mailroom rejected each of the publications at issue. He received actual notice of the rejections from the vendors, however, so he cannot establish a due process violation.

"The core of due process is the right to notice and a meaningful opportunity to be heard." *Elliott v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012) (internal quotation marks omitted). "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009) (internal quotation marks omitted). We assume for the purpose of this appeal that Mr. Heard had a protected interest in

5

receiving the publications and conclude that he was not denied an appropriate level of process. First, he received actual notice of the rejections, and he cites no authority, nor are we aware of any, for the proposition that the notice component of a due process claim can be violated even when actual notice is accomplished. Moreover, having received notice, Mr. Heard has not shown that GCCF's grievance procedures were inadequate to provide a meaningful opportunity to be heard. Even if GCCF regulations entitle him to written rejection slips, he has not shown that actual notice is insufficient to satisfy the requirements of due process. *See Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("[O]nce [a] property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."). Because Mr. Heard has failed to allege circumstances that constitute a procedural due process violation, summary judgment was properly granted in favor of Defendant Chavez on these claims.

**B. Claims 5 and 6**

Mr. Heard also argues that GCCF violated his First Amendment rights by rejecting publications that do not meet the legal definition of obscenity. We are not persuaded.

"Inmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004). The constitutionality of GCCF's policy regarding sexually explicit materials hinges on the four-factor test in *Turner*, which requires analyzing

6

"(1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest, (2) whether alternative means of exercising the constitutional right remain available to inmates, (3) any effect accommodating the right would have on guards and inmates, and (4) the absence of ready alternatives." *Jacklovich*, 392 F.3d at 426 (citing *Turner*, 482 U.S. at 89-90). In *Jones*, 503 F.3d at 1156, we upheld a prison ban on sexually explicit material similar to GCCF's policy based on these factors, and we conclude that GCCF's policy passes constitutional muster.

Mr. Heard seems to argue that even if GCCF's policy is not unconstitutional, the publications at issue do not fit the legal definition of obscenity, and therefore GCCF's rejection of them violated his rights. But "prisoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks omitted). Prison regulations restricting First Amendment rights "are permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to those concerns." *Wardell v. Duncan*, 470 F.3d 954, 959-60 (10th Cir. 2006) (internal quotation marks omitted). Mr. Heard has failed to show that the rejections violated his First Amendment rights *in the prison context*. His other arguments do not directly address the reasonableness of GCCF's policy based on the *Turner* factors. For example, it is irrelevant whether a rejected publication received an "adult" rating from the vendor, was accepted at a different facility, or was accepted previously at the same facility.

7

As for Mr. Heard's equal protection claim based on a "class of one" theory, he needed to allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted). In class-of-one cases, "it is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable." *Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1213 (10th Cir. 2006). The allegation that GCCF's policy caused a book to be rejected in Mr. Heard's case while another prisoner was allowed to receive it does not establish that the policy is without a rational basis. We note the absence of any allegation that Mr. Heard is the *only* prisoner who was prevented from receiving this book. And he alleges in only conclusory terms that he is similarly situated to the other prisoner who was allowed to receive the book. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) ("[A] plaintiff [asserting a class-of-one claim] must first establish that others, similarly situated in every material respect were treated differently." (internal quotation marks omitted)). Indeed, he alleges only in conclusory terms that the rejected book was identical to the one the other prisoner received. For these reasons, Mr. Heard has not made the required showing to support an equal protection violation.

## C. Claims 7 and 8

Mr. Heard also argues that the district court erred by finding that he failed to exhaust his administrative remedies with respect to claims 7 and 8. However, he does not challenge the magistrate judge's timeline regarding the filing of his informal complaints and his transfer. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal quotation marks omitted). Nor does he cite any evidence to support his contention that he filed formal grievances on these claims. Consequently, his argument regarding exhaustion of administrative remedies also fails. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## III. Conclusion

The judgment of the district court is affirmed. Mr. Heard's motion to proceed on appeal without prepayment of costs and fees is granted, and he is reminded of his obligation to continue making partial payments until the filing and docketing fees are paid in full.

Entered for the Court


Timothy M. Tymkovich
Chief Judge